R. I. WAREHOUSE CO. *vs.* W. H. HOLT MFG. CO., Inc. *et al.*

FEBRUARY 24, 1914.

PRESENT:    Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Liens.   Parties in Interest.*

A party who is not interested in the subject matter of a suit to enforce a warehouseman's lien, not being aggrieved by the decree cannot appeal therefrom.

(2)  *Equity.   Corporations.   Stockholders.   Liens.   Parties in Interest.*

X being the president, treasurer and a director of a corporation and the owner of 1,750 shares of the capital stock, at a meeting of the directors offered to exchange his stock for the note of the company for $18,500 to be secured by mortgage on its property, X to pay a note of the company for $1,000 held by a bank and this offer was accepted; and it was agreed that such mortgage should not be recorded.   Thereafter X resigned as president and treasurer, and at a later meeting of the directors, X not being present it was voted that upon the surrender of the mortgage given to X a new mortgage be executed for the same amount to Y for the term of five years, and said mortgage was executed and recorded.   Y subsequently became a member of the board of directors.   Upon bill by the corporation seeking the cancellation of the mortgage, decree was entered directing that the note and mortgage be surrendered for cancellation and the stock returned to X, and the decree was affirmed upon appeal.   Thereafter X sought to review the decree to make it applicable to the first mortgage and not to the second, the latter having been substituted for the first, and the petition was denied by the Superior Court and X did not appeal.   In an action to enforce a warehouseman's lien against the property included in the mortgage, in which action X had been named as a respondent, as assignee of Y, decree was entered in favor of the lienor and X appealed.

*Held,* that the matters covered by the decree of the Superior Court in the action of the corporation against X were *res adjudicata* in the lien proceeding, for while the first mortgage was not mentioned specifically in the former decree, being unrecorded it was void except as between the parties and furthermore had been surrendered and the second mortgage taken in its place, but in any event it was equally bad upon equitable grounds as the second, and was disposed of in the prior decree.

*Held*, further, that whether or not X had complied with the decree by surrendering the mortgage for cancellation was immaterial as his failure so to do could not affect his rights in the present action.

*Held*, further, that it being *res adjudicata* he had no valid mortgage, he had no interest in the lien proceeding and was not entitled to appeal.

PETITION TO ENFORCE WAREHOUSEMAN'S LIEN.    Heard on appeal of party respondent and dismissed.

VINCENT, J.    This is a petition in equity brought by the Rhode Island Warehouse Company against the W. H. Holt Manufacturing Company, Incorporated, Robert H. Arnold, John J. Hoey, D. G. · Mahler Company, Frank Holland, Thomas H. Needham and James Keenan to secure the allowance and enforcement of a warehouseman's lien upon certain personal property under Sections 24 to 29 of Chapter 257 of the General Laws of 1909.   The petitioner explains that several of these respondents were named in the petition out of an abundant caution and with the intent of safeguarding the proceeding by including everyone who might possibly have an interest in the subject matter thereof. However that may be, the respondent, Frank Holland, is the only one who contested the allowance of the lien in the Superior Court and the only one who has taken an appeal to this court.   After a hearing in the Superior Court upon oral testimony, a decision was rendered in favor of the petitioner and a decree was entered in accordance therewith.

From this decree Frank Holland claimed an appeal, stating the following reasons therefor:

"(1)   That said decree is against the evidence and the weight thereof.

"(2)   That said decree is against the law.

"(3)   That said decree is against the rights of the respondent Holland as disclosed by the pleadings and proofs.

"(4)   That said court erred in decreeing the sale of said property.

"(5)   That said court erred in ordering and decreeing sale of all or any part of said property owned by different

persons, to satisfy said sum of $1,889.75, together with charges and costs incident thereto.

"(6)    That if the petitioner has any lien for said sum, $1,889.75, or any part thereof, together with said charges and costs, the said sum, together with such charges and costs, should have been apportioned among the several different respondents with respect to the amount of property owned or possessed by each of them.

"(7)    That the court erred in not decreeing that the person or persons who put or caused to be put said property in storage as aforesaid, are liable for said warehouse charges.

"(8)    That the court erred in including in said sum of $1,889.75, bill of T. W. Waterman Co., for moving machinery, and also the expense of taking down shafting, which goes with said machinery."

It appears from the evidence that during the early part of the year 1910 the respondent W. H. Holt Manufacturing Company, Incorporated, occupied certain premises as the tenant of the respondent Robert H. Arnold, for whom Messrs. G. L. & H. J. Gross were acting as agents; and that in the late spring of 1910 the rent for these premises being long overdue, said respondent company was notified to vacate and subsequently did so.   When it removed from the premises, however, it left thereon a large amount of personal property formerly in its possession, consisting of certain valuable tools, machines, and machinery of great size and bulk which it is claimed would have been ruined or seriously damaged if exposed to the weather.   Thereafter, about December 7, 1910, the property still being on the premises, the owner of the building, Robert H. Arnold, through his agents, Messrs. G. L. & H. J. Gross, sent written notices to the respondent Holt Company and its attorneys and to Holland and his attorney that the property of the Holt Company must be removed from the premises.   These persons were the only ones known by Arnold to have any interest in, or claims to, said property, the respondent Holt Company as late tenant in possession and apparent owner,

and the said Holland as agent or assignee of the respondent Keenan, the original holder of a mortgage of record thereon executed September 14, 1909.

These notices requested that the person entitled to said property forthwith remove it from the premises and stated that in the event that this was not done the respondent Arnold would cause said property to be removed and stored at the risk and expense of the person or persons entitled thereto. Thereafter, on or about December 28, 1910, the property in question not having been removed, the respondent Arnold caused it to be stored at the warehouse of the appellee at the risk and expense of the person or persons entitled thereto, and so notified the respondent Holt Company and the appellant Holland that this had been done. At no time either before or after receiving any of the above notices did the respondent Holt Company or the appellant Holland make any effort to remove, care for, or store said property themselves and neither did they in any way object to the action proposed to be, and subsequently, taken by Arnold in connection with the storage of it. The charge of the Warehouse Company for the storage of the property was fifty dollars per month. Proceedings to enforce its lien for all charges were deferred by Arnold at the request of the respondent Holt Company to which bills for the same were fruitlessly sent from time to time. On January 3, 1913, the date of the commencement of this cause, the charges in connection with the care and storage of this property, with interest, amounted to $1,544.53, and on June 21, 1913, the date of the entry of the final decree herein, to $1,889.75.

The respondent Holland argues in support of his appeal that while the respondent Arnold, the owner of the premises, after due notice, could have removed the tools and machinery from the building and exposed them to damage by the elements, either through ejectment proceedings or without legal proceedings of any kind, he could not place them in storage, even after notice, and impose the expense thereof upon the parties in interest without their consent or agree-

ment thereto.   On this point numerous authorities have been cited upon both sides.   We will not, however, enter upon a discussion of such authorities as it appears to us that the case must be disposed of upon other grounds.

(1)   The petitioner claims that the respondent Holland has no right of appeal for the reason that he has no interest in the subject matter of the suit and hence, being without interest, he is not aggrieved.

Holland claimed to be interested, in the subject matter of the proceeding, as the holder of a certain chattel mortgage upon the personal estate of the W. H. Holt Manufacturing Company, Incorporated, which said mortgage was originally given by the said Holt Company to one James Keenan, September 14, 1909, and later assigned to the said Holland.

To properly understand the questions which are presented to us as to the right of Holland to appeal, it will be necessary to refer to the case of W. H. Holt Manufacturing Company, (2) Incorporated vs. Frank Holland et al.   In that case a bill was filed in the Superior Court on  June 4, 1910 (Eq. No. 2062), setting forth that the complainant was incorporated in December, 1908, under the laws of Rhode Island, with a capital stock of $40,000, divided into four thousand shares; that on December 4, 1908, Frank Holland, William H. Holt and Louis D. Richardson were elected directors of the company and thereafter the said Holland was elected president and treasurer, the said Holt, vice-president, and the said Holland subscribed for 1,750 shares of the capital stock and remained the owner thereof until September 4, 1909; that at a meeting of the board of directors, composed of the persons before mentioned, holden on September 4, 1909, said Holland proposed to exchange his stock for the note of said company in the sum of $18,500, with interest at six per cent. per annum, payable weekly, and to be secured by a mortgage on the property of the company, the said Holland to pay a note of said company for $1,000 held by the Atlantic National Bank; and that the directors voted to accept the said proposition.

In continuation the bill sets forth that the resignation of the said Holland as president and treasurer, after the acceptance of his before mentioned proposition, was to take effect upon the delivery of the mortgage; that the vote on the 14th day of September authorized a new mortgage on the note payable to James H. Keenan of New York which was to run five years and to be in lieu of the former mortgage; that at the time of these transactions the credit of the company was impaired and its stock worth less than par; that later the board of directors of said company was composed of Thomas H. Needham, James Keenan, Eugene Ryone, John L. Farwell, William H. Holt and Louis D. Richardson, and so remained at the time of the filing of the bill; that the said transaction between Holland and the company regarding the sale of his stock and the giving of the mortgage aforesaid, was effected by the said Holland in violation of the rights of other stockholders and to their serious detriment and damage; that the making and recording of said mortgage has seriously damaged the credit and business of the company; that the said Frank Keenan took said mortgage and note with full knowledge of all the circumstances and is not a *bona fide* holder; and that the said company has demanded the discharge and cancellation of said mortgage, offering to retransfer the 1,750 shares of stock.

The bill prayed that the respondents Holland and Keenan be ordered to deliver up said note and mortgage to the Superior Court for cancellation upon receiving the 1,750 shares of stock transferred to said company for which said note and mortgage had been given and that the said Holland and Keenan be perpetually enjoined from transferring, assigning, or causing to be transferred and assigned said note and mortgage and from foreclosing the same, or in any way acting under the provisions thereof, or from attempting to take possession of any personal property in said mortgage described.

After a full hearing in the Superior Court a final decree was there entered on July 11, 1912, as follows:

"This cause came on to be heard upon the amended bill of complaint, the answer of the respondent Holland, replication and proofs and same is argued by counsel and considered by the court and thereupon, upon consideration thereof, it appearing to the court that the note and mortgage in said bill of complaint mentioned were authorized by a board of directors which was illegally constituted and have never been acquiesced in, ratified nor authorized by the stockholders of said corporation, and it further appearing that the purchase of the stock of said respondent Holland and giving therefor of the note and mortgage in said bill of complaint mentioned was illegal in that the stock was purchased at a price much in excess of its value and that by the purchase thereof for said price and the giving of the said note and mortgage, the said respondent Holland was enabled to secure an undue advantage over the other stockholders in said plaintiff corporation.

It is therefore ordered, adjudged and decreed that the said respondent Holland be and he hereby is ordered and directed to deliver up said note and said mortgage to this court for cancellation and that thereupon, the said plaintiff corporation deliver to the clerk of this court, for delivery to the said respondent Holland, a certificate of stock for seventeen hundred fifty (1750) shares of stock of said corporation, transferred by said Holland to said corporation; and that upon the receipt of said certificate of stock, said mortgage and note having been delivered up to the clerk of this court for cancellation, said clerk shall deliver said certificate of stock to the respondent Holland or to his solicitors of record and shall endorse upon said note and mortgage that by decree of this court, said note and mortgage are cancelled and shall affix the seal of this court to his endorsement and deliver to the plaintiff or its solicitors the note and mortgage so cancelled and endorsed; and it is further ordered, adjudged and decreed that said respondents and each of them be and they hereby are permanently enjoined and restrained from foreclosing said mortgage or

exercising any power of sale therein contained or in any wise acting under the provisions of said mortgage and from taking or attempting to take possession of the personal property in said mortgage described or any portion thereof.

And it is further ordered, adjudged and decreed that the respondent Holland forthwith pay to the plaintiff or its solicitors, the plaintiff's costs herein, to be taxed by the clerk."

From that decree of the Superior Court the respondent Holland appealed to this court. The appeal was dismissed and the decree of the Superior Court, entered July 11, 1912, was affirmed.

On May 26, 1913, the respondent Holland petitioned the Superior Court for a review and such modification of its decree of July 11, 1912, as would make it applicable to the first mortgage and not to the second, the latter having been substituted for the first. This petition for a review and modification of the decree was denied and dismissed by the Superior Court and from that action the respondent took no appeal. The matters covered by the decree of the Superior Court of July 11, 1912, are therefore res adjudicata. Possibly the respondent Holland may claim that inasmuch as the first mortgage is not specifically mentioned in the said decree he still has some rights under that instrument and, therefore, some interest in the suit at bar. There would be nothing in such a contention. The first mortgage was unrecorded and, therefore, void under the statute except between the parties thereto and besides it had been surrendered and a new mortgage had been taken in its place. Furthermore, the first mortgage rested originally upon the same foundation as the second mortgage, was equally bad upon equitable grounds, and through its involution with the whole transaction was sufficiently before the court so that if any virtue had remained in it, it was disposed of and does not warrant further discussion.

Whether or not the respondent Holland has complied with the decree of the Superior Court of July 11, 1912, by

surrendering his mortgage to the clerk for cancellation and has received his stock in the W. H. Holt Manufacturing Company, Incorporated, we do not know and it is not material to the disposition of the case at bar. If he has not done so it is his own fault. His failure to do so cannot in any way affect his standing or rights in the present controversy. It is clear that he has no interest as mortgagee of the W. H. Holt Manufacturing Company, Incorporated. The court has found that he had no valid mortgage and that finding is *res adjudicata*. The respondent Holland has no interest in the present case and he is not entitled to an appeal.

The appeal is dismissed and the cause is remanded to the Superior Court.

*William A. Spicer, Jr., Edwards & Angell,* for petitioner.

*James M. Gillrain, James F. Murphy,* for respondent Holland.